12-2877
Jiang v. Holder

BIA
LaForest, IJ
A089 908 309

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand thirteen.

PRESENT:
>        ROBERT A. KATZMANN,
>             *Chief Judge,*
>        JON O. NEWMAN,
>        CHRISTOPHER F. DRONEY,
>             *Circuit Judges.*

_____

XIUZHEN JIANG,
>        *Petitioner,*

>        v.                                    12-2877
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        JP Sarmiento, Cleveland, OH.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Jennifer L.
                       Lightbody, Senior Litigation
                       Counsel; Nicole J. Thomas-Dorris,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiuzhen Jiang, a native and citizen of the People's Republic of China, seeks review of a June 29, 2012, decision of the BIA affirming the November 9, 2010, decision of Immigration Judge ("IJ") Brigitte LaForest, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiuzhen Jiang*, No. A089 908 309 (B.I.A. June 29, 2012), *aff'g* No. A089 908 309 (Immig. Ct. N.Y. City Nov. 9, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Jiang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding

on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency reasonably based its adverse credibility determination on Jiang's demeanor, vague testimony, and lack of responsive replies.

The IJ stated in her decision that Jiang's testimony was often non-responsive to the question asked, that Jiang took "an inordinately long time" to answer questions, that her demeanor appeared as though she was "desperately trying to remember" what her testimony was "supposed" to be, and that she answered some questions in a long narrative, as if she was afraid she would otherwise forget the rest of her statement. The transcript of Jiang's testimony supports the IJ's findings. Jiang testified in a vague, non-responsive, and verging on incoherent manner regarding her detention by

3

the Chinese police for her practice of Falun Gong, the illness that led her to practice Falun Gong, her protests in front of the Chinese consulate in New York, and when and how she met her husband.

Because the REAL ID Act permits the agency to base a credibility finding on such problems, and as the problems are evident from the transcript throughout the proceedings, a totality of the circumstances supports the agency's adverse credibility determination, based on Jiang's vague and unresponsive testimony. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167. Furthermore, because the only evidence of a threat to Jiang's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4